**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **LATRINA STROMAN,** | CASE NO. 3:25 CV 2157 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **THOMAS FALLS, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending in this civil rights case is Defendants Washington Township Police Department and Officer Thomas Falls's Motion to Dismiss. (Doc. 4). Plaintiff Latrina Stroman has not filed an opposition and the time in which to do so has expired. *See* Loc. Civ. R. 7.1(d) (providing 30 days to respond to a case-dispositive motion).[1] Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, the Court grants in part and denies in part Defendants' Motion.

### BACKGROUND

Plaintiff's brief Complaint asserts that, on September 16, 2023, she was "assaulted by Officer Falls . . . [d]uring an arrest [of Plaintiff]." (Doc. 1-2, at 4). She contends Falls "pulled [her] out of [a] car and both of [her] legs were stuck" while he pulled. *Id.* She asserts her right ACL was torn and her right meniscus and left meniscus were "both removed because he performed

---

1. Plaintiff subsequently filed a document entitled "Pretrial Statement" containing a narrative statement of events. (Doc. 5). This is an improper filing, and the Court has not considered it as the only operative question at the current stage is whether Plaintiff's Complaint itself states a claim upon which relief can be granted.

a take down move" on her. *Id.* Plaintiff also alleges Falls caused injuries to her face and back, and "stomp[ed]" on her right foot while she was handcuffed on the ground. *Id.* Plaintiff's foot required surgery and she has a fractured spine requiring a future surgery. *Id.* Plaintiff asserts her injuries are life changing in that she will never be able to walk straight again and is disabled as a result. *Id.*

Plaintiff includes numerous attachments with her Complaint including photographs of her injuries (Doc. 1-2, at 6-14); medical records (Doc. 1-2, at 15-111), and a police report regarding the incident written by Falls (Doc. 1-2, at 112-14). The attached photographs show, *inter alia*, Plaintiff's foot with several stitches along the inside of the foot/heel, Plaintiff's foot in a cast, and a knee brace. *See id.* at 6-9.

The attached police report[2] describes the events generally as follows. Officer Falls observed Plaintiff in her vehicle not moving, running, with the keys in the ignition. (Doc. 1-2, at 112). He approached the vehicle and saw Plaintiff "slumped at the wheel." *Id.* Falls detected "[t]he odor of intoxicants" and touched Plaintiff's shoulder in an effort to wake her. *Id.* He told Plaintiff he was a police officer and asked if she was okay. *Id.* Falls observed signs of intoxication and asked Plaintiff for her license; Plaintiff did not comply. *Id.* Plaintiff did comply with Fall's request to take the key out of the ignition after a few requests. *Id.* Plaintiff "used a very loud voice . . . and was argumentative;" her "speech was slurred and [she] was unsteady in her movements in the car." *Id.* Plaintiff put the key back into the ignition and started the car, while rolling up the window. *Id.* at 112, 114. Officer Falls instructed her "not to do this" and then opened the driver's side front door. *Id.* at 114. Plaintiff attempted to close the door with Falls standing between the door and the vehicle, causing Falls to be concerned she was going to drive off and injure him. *Id.* Falls ordered

---

2. The Court below discusses whether it can consider, for purposes of the present motion, the facts contained within this police report, and ultimately declines to do so.

Plaintiff to get out of the vehicle and to not put the key in the ignition. *Id.* He grabbed her left arm and gave verbal commands, including telling Plaintiff she was under arrest and to stop resisting. *Id.* Plaintiff refused to place her hands behind her back. *Id.* After she was removed from the vehicle, Falls "used a[n] arm bar technique to bring her down to the ground." *Id.* Falls handcuffed Plaintiff's left wrist, and shortly thereafter "was able to get both of her hands behind her back." *Id.* At this point, he called medical "just in case she was hurt from being taken down to the ground." *Id.* According to Officer Falls, Plaintiff denied medical assistance and was not complaining of any injuries. *Id.* He further "checked her face, head, and did not observe any injuries [or] cut marks or blood." *Id.*

Plaintiff was charged with having physical control of a vehicle while intoxicated, OVI-Refusal, driving under suspension and with no insurance, obstructing official business, and resisting arrest. *Id.*

Plaintiff was found guilty of resisting arrest and physical control of a vehicle while intoxicated after entering no contest pleas. *See* Doc. 4-1 (Toledo Municipal Court records).[3]

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual

---

[3]. The Court may take judicial notice of matters of public record. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) ("[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'") (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)); *Smitley v. Eppinger*, 2018 WL 9618503, *1 n. 2 (N.D. Ohio) ("Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts.").

allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court may not grant a motion to dismiss simply because it is unopposed as "a movant must always bear [its] initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Gesenhues v. Radial, Inc.*, 2020 WL 1815738, at *2 (6th Cir.) ("To the extent it granted [defendant's] motion to dismiss only because it was unopposed, the court would have abused its discretion.") (citing *Carver*, 946 F.2d at 455).

### DISCUSSION

Washington Township Police Department

Defendants contend that the claims against the police department must be dismissed for three reasons: (1) the police department is not an entity capable of being sued; (2) there are no *Monell* allegations; and (3) Ohio political subdivision immunity applies. (Doc. 4, at 13-15).

Defendants are correct that the Washington Township Police Department is not *sui juris*, that is, not an entity subject to suit under § 1983. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *see also Tysinger v. Police Dep't of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant

4

in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law."); *Lloyd v. City of Streetsboro*, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983."). Again, Plaintiff has not filed a response to the pending Motion and thus has not provided any argument to the contrary. The Court finds Defendant Washington Township Police Department entitled to dismissal on this basis.

<u>Officer Falls</u>

Defendants argue the claims against Officer Falls must be dismissed for two reasons: (1) they are barred by the *Heck* doctrine; and (2) they are barred by qualified immunity and Ohio public employee immunity. For the reasons set forth below, the Court finds these arguments are premature at this stage.

Heck *Preclusion*

Under the doctrine set forth in *Heck v. Humphrey*, a § 1983 action cannot "necessarily imply the invalidity of [a plaintiff's] conviction." 512 U.S. 477, 487 (1994). *Heck* preclusion thus can arise when a plaintiff is convicted of a crime and does not raise excessive force as an affirmative defense during their criminal proceedings despite having the opportunity to do so. *Parvin v. Campbell*, 641 F. App'x 446, 449 (6th Cir. 2016); *see also Cummings v. City of Akron*, 418 F. 3d 676, 682-83 (6th Cir. 2005) (finding *Heck* bar applicable where the "struggle between [the plaintiff] and the officers gave rise to both [the plaintiff's] assault conviction and the excessive force claim, and the two [were] inextricably intertwined") (citation modified).[4] If such plaintiff

---

4. When a civil rights claim is asserted against an arresting officer, if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence," the claim is barred "*unless and until*" the conviction is reversed or otherwise invalidated. *Heck*, 512 U.S. at 487, 489 (emphasis added). Thus, such claims are dismissed without prejudice as prematurely-filed. *See Johnson v. Winstead*, 900 F.3d 428, 436 (7th Cir. 2018) ("The *Heck* bar is normally raised

claims excessive force was used against her before *and* after she was brought under control, *Heck* will bar the pre-control claim and permit the post-control claim. *Matheney v. City of Cookeville*, 461 F. App'x 427, 431 (6th Cir. 2012) ("[A]n excessive force claim is not barred when the alleged use of force occurred *after* the suspect was handcuffed and brought under control."); *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 611 (6th Cir. 2014) ("*Heck* does not bar § 1983 suits alleging *post-arrest* excessive force."). This is because an allegation of excessive force arising after the individual is under control "would not be 'inextricably intertwined' with the suspect's resistance to arrest." *Matheny*, 461 F. App'x at 431.

Plaintiff was convicted of resisting arrest based on the at-issue incident. (Doc. 4-1).[5] Ohio law permits an affirmative defense of excessive force, and therefore "a § 1983 claim of excessive force would necessarily imply the invalidity of an underlying conviction for resisting arrest" in Ohio. *Hayward*, 759 F.3d at 611. Accordingly, Defendants correctly assert Plaintiff's conviction for resisting arrest bars her excessive force claim to the extent the challenged force was applied during the course of the resistance that formed the basis for that conviction. But, construing the Complaint in the light most favorable to Plaintiff, she plausibly alleges that at least *some* of the use of force she challenges was applied *after* she was subdued and no longer resisting. *See* Doc. 1-2, at 4 (alleging Falls "stomp[ed]" on Plaintiff's right foot while she was handcuffed on the ground). Thus, the Court finds Falls is not entitled to dismissal of Plaintiff's excessive force claim based on the *Heck* doctrine. Defendants may re-raise such an argument at the summary judgment

---

defensively to win dismissal of a § 1983 claim when the plaintiff's conviction has not been overturned; if the bar applies, the plaintiff's claim must be dismissed as premature."); *Sampson*, 917 F.3d at 882-83; *Carter v. State*, 2018 WL 7890770, at *1 (6th Cir.) ("[A] dismissal on *Heck* grounds is properly imposed without prejudice.").

5. The fact that Plaintiff pled no contest to the resisting arrest charge is irrelevant. *See Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) (concluding *Heck* barred plaintiff's Fourth Amendment excessive force claim based on plaintiff's plea of no contest to assaulting the officer).

6

stage after factual development regarding when the at-issue force was applied and when Plaintiff was subdued.

*Qualified Immunity*

Defendants additionally argue Falls is entitled to qualified immunity (and dismissal) because, under the totality of the circumstances, Falls's use of force was objectively reasonable and justified such that there was no constitutional violation. Defendants' argument in this regard relies upon the facts set forth in the police report, including its characterization of Plaintiff's actions and the amount of force used. *See* Doc. 4, at 9-11.

The defense of qualified immunity shields government officials performing discretionary functions where their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This defense "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

Although "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to discovery," *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015), the Sixth Circuit has "cautioned that 'it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity,'" *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quoting *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015)). Thus, "[a]lthough an officer's entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley*, 779 F.3d at 433-34 (citation modified). The reason for this "general preference" is that "'[a]bsent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is "obvious" or "squarely

7

governed" by precedent, which prevents [the court] from determining whether the facts of this case parallel a prior decision or not' for purposes of determining whether a right is clearly established." *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019) (quoting *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring) (brackets omitted)). Nonetheless, dismissal based on qualified immunity at the pleadings stage may be appropriate under some circumstances. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Defendants correctly note that, on a motion to dismiss, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). But the Court is also required to construe the Complaint in the light most favorable to Plaintiff at this stage and draw all inferences in her favor. So construing, and considering Plaintiff's allegations, the Court finds that Plaintiff does not, by attaching the police report, adopt the factual version of events set forth therein as her own. Indeed, her claims set forth in her Complaint alleging specific uses of force and injuries appear directly contradictory to factual assertions in the police report. *Compare, e.g.*, Doc. 1-2, at 4 (alleging injuries to face) *with* Doc. 1-2, at 114 (stating Plaintiff had no injuries to her face or head).

As such, the Court finds it not appropriate to consider the factual statements within the police report at this stage. *See Manning v. Sweitzer*, 891 F. Supp. 2d 961, 964–65 (N.D. Ill. 2012) (declining to consider a police report in all respects because attaching it to the complaint did not mean the plaintiff "vouched for all the facts in the police report") (citation and quotation marks

omitted); *see also Philpott v. City of Stow,* 2025 WL 904487, at *8 n.6 (N.D. Ohio) (stating the court "need not consider" a sheriff's office report detailing the plaintiff's arrest and detention "simply because it is attached to the complaint").

Without the police report's recitation of Falls' version of the facts, the Court cannot conclude, at this stage, that no constitutional violation was committed. As noted in response to Defendants' *Heck* argument, the Complaint alleges Falls "stomped" on Plaintiff's foot while she was handcuffed (and thus, a reasonable inference would suggest, not resisting) on the ground, causing injury that required a surgery. (Doc. 1-2, at 4). Under these facts, the Court finds Plaintiff has plausibly alleged an excessive force claim sufficient to survive Defendants' Motion to Dismiss based on qualified immunity at this stage of the proceedings. Defendants may certainly assert qualified immunity again at the summary judgment stage if appropriate.[6]

#### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 4) be, and the same hereby is, GRANTED in part and DENIED in part as set forth herein.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2026

---

6. Defendants' Motion to Dismiss based on Ohio state law public employee immunity is denied for the same reasons. *See* Doc. 4, at 12 ("[F]or the same reasons that Officer Falls is entitled to qualified immunity for a federal claim, he is also entitled to public employee immunity under Ohio law.")

9